IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry Smith, ) | |
| ) | C/A No. 4:17-2498-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Lawrence Cross, Dr. Hoey, A.W. Moser, ) | |
| Warden Gio Ramirez, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Jerry Smith is a federal inmate currently housed at FCI-Williamsburg in Salters, South Carolina. Plaintiff, proceeding pro se and in forma pauperis, filed a complaint on September 18, 2017, asserting that he was denied adequate medical care in violation of his rights under the Eighth Amendment. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 US. 388 (1971). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling.

On February 21, 2018, Defendants Lawrence Cross, Dr. Hoey, A.W. Moser, and Warden Gio Ramirez filed a motion to dismiss or, in the alternative, for summary judgment. By order filed February 22, 2018, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Defendants filed a second motion to dismiss on March 6, 2018. Defendants argue (1) the individual Defendants are not liable in their official capacities; and (2) Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). On March 9, 2018, Plaintiff filed a motion to withdraw the within action to allow him to exhaust his administrative remedies, and also requested to hold his complaint in abeyance while he exhausted his administrative

remedies. Defendants filed no response in opposition to Plaintiff's motion.

On March 30, 2018, the Magistrate Judge issued a Report and Recommendation in which he noted that Defendants assert failure to exhaust administrative remedies as a ground for relief, and that Plaintiff admits in his complaint and in his motion to withdraw that he has not exhausted his administrative remedies. Accordingly, the Magistrate Judge recommended that Defendants' motions to dismiss be granted on this ground, and that Plaintiff's motion be deemed moot as to his request to withdraw his complaint and denied as to his request to hold the complaint in abeyance. No party objected to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record and concurs in the recommendation of the Magistrate Judge. Defendants' motions to dismiss (ECF Nos. 25, 28) are **granted**, without prejudice, on the ground that Plaintiff has failed to exhaust his administrative remedies. Plaintiff's motion to withdraw (ECF No. 29) is **denied as moot** as to his request to withdraw his § 1983 claim,

and **denied** as to his request that the case be held in abeyance.

    **IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

June 5, 2018